## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| Carl Sims, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02796 |
| | § | |
| RS Clark and Associates, Inc. | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM

Now Comes Defendant, RS Clark and Associates, Inc. ("RSC") files its Original Answer to Plaintiff's Complaint and Counterclaim, and states:

## I.  ANSWER

1.      Defendant admits the that the Plaintiff is asserting claims under the listed statutes and otherwise denies the allegations set forth in paragraph 1 of the Plaintiff's Complaint.

2.      Defendant admits that this Court has subject matter jurisdiction of this action and otherwise denies the allegations set forth in paragraph 2 of the Plaintiff's Complaint.

3.      Defendant admits that venue is proper in this district and otherwise denies the allegations set forth in paragraph 3 of the Plaintiff's Complaint.

4.      Defendant is without information sufficient to either admit or deny the allegations set forth in paragraph 4 of the Plaintiff's Complaint.

5.      Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6.      Defendant admits that it engages in debt collections activities and that it did so in Dallas County, Texas and otherwise denies the allegations set forth in paragraph 6 of the Plaintiff's Complaint.

**DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM - Page 1**

7.      Defendant admits that it is defined as a "person" and otherwise denies the allegations set forth in paragraph 7 of the Plaintiff's Complaint.

8.      Defendant denies the allegations in paragraph 8 of the Plaintiff's Complaint.

9.      Defendant denies the allegations set forth in paragraph 9 of the Plaintiff's Complaint.

10.     Defendant denies the allegations set forth in paragraph 10 of the Plaintiff's Complaint.

11.     Defendant is without information sufficient to allow it to either admit or deny the allegations in paragraph 11 of the Plaintiff's Complaint.

12.     Defendant admits that, at the time it placed calls to the Plaintiff, the caller id number associated with such calls was 877-532-6133, and that the caller id number now associated with calls from the Defendant is different and denies the remaining allegations in paragraph 12 of the Plaintiff's Complaint.

13.     Defendant denies the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

14.     Defendant is without information sufficient to allow it to either admit or deny the allegations in paragraph 14 of the Plaintiff's Complaint.

15.     Defendant admits the allegations set forth in paragraph 15 of the Plaintiff's Complaint.

16.     Defendant denies the allegations set forth in paragraph 16 of the Plaintiff's Complaint.

17.     Defendant denies the allegations set forth in paragraph 17 of the Plaintiff's Complaint.

18.     Defendant denies the allegations set forth in paragraph 18 of the Plaintiff's Complaint.

19.     Defendant is without information sufficient to allow them to either admit or deny the allegations in paragraph 19 of the Plaintiff's Complaint.

20.     Defendant denies the allegations set forth in paragraph 20 of the Plaintiff's Complaint.

21.     Defendant denies the allegations set forth in paragraph 21 of the Plaintiff's Complaint.

22.     Defendant repeats and realleges the responses to paragraphs 1-21.

23.     Defendant admits the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

24.     Defendant admits the allegations set forth in paragraph 24 of the Plaintiff's Complaint.

25.     Defendant admits that one aspect of its business involves attempting to collect defaulted debts owed to others and denies the remaining allegations in paragraph 25 of the Plaintiff's Complaint.

26.     Defendant admits the allegations set forth in paragraph 26 of the Plaintiff's Complaint.

27.     Defendant denies the allegations set forth in paragraph 27 of the Plaintiff's Complaint.

28.     Defendant denies the allegations set forth in paragraph 28 of the Plaintiff's Complaint.

29.     Defendant denies the allegations set forth in paragraph 29 of the Plaintiff's

Complaint.

30.     Defendant denies the allegations set forth in paragraph 30 of the Plaintiff's Complaint.

31.     Defendant denies the allegations set forth in paragraph 31 of the Plaintiff's Complaint.

32.     Defendant denies the allegations set forth in paragraph 32 of the Plaintiff's Complaint.

33.     Defendant denies the allegations set forth in paragraph 33 of the Plaintiff's Complaint.

34.     Defendant denies the allegations set forth in paragraph 34 of the Plaintiff's Complaint.

35.     Defendant denies the allegations set forth in paragraph 35 of the Plaintiff's Complaint.

36.     Defendant repeats and realleges the responses to paragraphs 1-35.

37.     Defendant admits the allegations set forth in paragraph 37 of the Plaintiff's Complaint.

38.     Defendant admits the allegations set forth in paragraph 38 of the Plaintiff's Complaint.

39.     Defendant admits the allegations set forth in paragraph 39 of the Plaintiff's Complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in paragraph 35 of the Plaintiff's

Complaint.

     42.     Defendant denies the allegations set forth in paragraph 35 of the Plaintiff's

Complaint.

     43.     Defendant denies the allegations set forth in paragraph 43 of the Plaintiff's

Complaint.

     44.     Defendant denies the allegations set forth in paragraph 44 of the Plaintiff's

Complaint.

     Defendant deny that Plaintiffs are entitled to any of the relief sought in their Prayer for

Relief.

## II.   AFFIRMATIVE DEFENSES

     1.     To the extent of any actual violation of the Texas Finance Code or the Fair Debt

Collection Practices Act, such violation resulted from a bona fide error that occurred

notwithstanding the use of reasonable procedures adopted to avoid the error.

     2.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

limitations.

## III.   COUNTERCLAIM

### A.   Parties

     1.     Counter-Plaintiff RS Clark and Associates, Inc. is a Texas corporation with its

principal place of business in Dallas, Texas.

     2.     Counter-Defendant Carl Sims ("Sims") is an individual residing in Dallas County,

Texas.

**B.      Jurisdiction**

3.      The Court has jurisdiction over this counterclaim pursuant to 28 U.S.C. § 1367. The claims asserted herein are so related to claims alleged in the Complaint that they form part of the same case or controversy.

**C.      Applicable Facts.**

4.      During the one-year prior to the filling of this lawsuit, RSC placed no calls whatsoever to Sims.   Rather, in the month leading up to the filing of the lawsuit, Sims placed two calls to RSC wherein he purported to orally dispute a debt which appeared on his credit report.

5.      In the first call, Sims stated that the debt, to a medical provider, was not his and it was incurred by someone else.   In the second call, Sims stated that the debt was incurred by him as a result of a job related injury but that an insurance company should have paid the debt.

6.      Sims has filed the present lawsuit in order to coerce RSC into removing negative information from his credit report.   Sims has fabricated the allegations in the Complaint in an attempt to allege a plausible claim for unfair debt collection practices.   The purpose of Sims' conduct is to cause RSC to incur the cost of defending this action in an effort to extort RSC into paying Sims money and deleting accurate information from Sims' credit report.

**D.      Causes of Action.**

7.      This action is groundless.   Additionally, it is being pursued in bad faith and/or for the purposes of harassment.

8.      Pursuant to 15 U.S.C. § 1692K(a)(3), RSC seeks a finding that this action was brought in bad faith and for the purpose of harassment and further seeks an award of its attorneys' fees and costs.

<u>DEFENDANT'S ORIGINAL ANSWER AND COUNTERCLAIM</u> - Page  6

9.      Pursuant to Tex. Finance Code Sec. 392.403, RSC seeks a finding that this action was brought in bad faith or for the purposes of harassment and further seeks an award of its attorneys' fees and costs.

## IV.   PRAYER

Defendant respectfully request that, upon final hearing herein, Plaintiff take nothing on his claims, RSC be awarded its attorneys' fees and costs and such other and further relief to which it may show itself to be justly entitled.

/s/ Baxter W. Banowsky
Baxter W. Banowsky
State Bar No. 00783593
bwb@banowsky.com


**Banowsky & Levine, P.C.**
12801 N. Central Expressway
Suite 1700
Dallas, TX 75243
(214) 871-1300
(214) 871-0038 (fax)
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing was served on Plaintiff's counsel, via the Court's ECF system, contemporaneously with its filing.


/s/ Baxter W. Banowsky
Baxter W. Banowsky