UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **Carl Sims,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-cv-02796 |
| | § | |
| **RS Clark and Associates, Inc.** | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT

Now Comes Defendant, RS Clark and Associates, Inc. ("RSC") files its Answer to Plaintiff's First Amended Complaint ("Plaintiff's Complaint"), and states:

### I. ANSWER

1. Defendant admits the that the Plaintiff is asserting claims under the listed statutes and otherwise denies the allegations set forth in paragraph 1 of the Plaintiff's Complaint.

2. Defendant admits that this Court has subject matter jurisdiction of this action and otherwise denies the allegations set forth in paragraph 2 of the Plaintiff's Complaint.

3. Defendant admits that venue is proper in this district and otherwise denies the allegations set forth in paragraph 3 of the Plaintiff's Complaint.

4. Defendant is without information sufficient to either admit or deny the allegations set forth in paragraph 4 of the Plaintiff's Complaint.

5. Defendant admits that it engages in debt collections activities and that its principal office is located in Dallas County, Texas and otherwise denies the allegations set forth in paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits that it is defined as a "person" and otherwise denies the allegations set forth in paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits that it acts through its employees and otherwise denies the allegations in paragraph 7 of the Plaintiff's Complaint.

8. Defendant is without information sufficient to either admit or deny the allegations set forth in paragraph 8 of the Plaintiff's Complaint.

9. Defendant admits that Plaintiff received medical care from Ennis Orthopedic Surgery and Sports Medicine and is otherwise without information sufficient to either admit or deny the allegations set forth in paragraph 9 of the Plaintiff's Complaint.

10. Defendant admits that Plaintiff incurred an obligation to Ennis Orthopedic Surgery and Sports Medicine and is otherwise without information sufficient to either admit or deny the allegations set forth in paragraph 10 of the Plaintiff's Complaint.

11. Defendant is without information sufficient to allow it to either admit or deny the allegations in paragraph 11 of the Plaintiff's Complaint.

12. Defendant is without information sufficient to allow it to either admit or deny the allegations in paragraph 12 of the Plaintiff's Complaint.

13. Defendant admits that the subject debt was placed with it for collection and is otherwise without information sufficient to either admit or deny the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

14. Defendant denies the allegations in paragraph 14 of Plaintiff's Complaint.

15. Defendant admits that it placed a call to the Plaintiff on or about March 3, 2017 and otherwise denies the allegations in paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations in paragraph 16 of Plaintiff's Complaint.

17. Defendant admits that it placed a call to the Plaintiff on or about August 9, 2017 and otherwise denies the allegations in paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations in paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits that Plaintiff placed a call to Defendant on or about May 7, 2018 and otherwise denies the allegations in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits that Plaintiff placed a call to Defendant on or about October 23, 2019 and otherwise denies the allegations in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations in paragraph 22 of Plaintiff's Complaint.

23. Defendant is without information sufficient to either admit or deny the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

24. Defendant admits that, at the time it placed calls to the Plaintiff, the caller id number associated with such calls was 877-532-6133 and otherwise denies the allegations in paragraph 24 of Plaintiff's Complaint.

25. Defendant admits that, at the time it placed calls to the Plaintiff, the caller id number associated with such calls was 877-532-6133 and otherwise denies the allegations in paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies the allegations in paragraph 27 of Plaintiff's Complaint.

28. Defendant denies the allegations in paragraph 28 of Plaintiff's Complaint.

29. Defendant is without information sufficient to either admit or deny the allegations in paragraph 29 of Plaintiff's Complaint.

30. Defendant denies the allegations in paragraph 30 of Plaintiff's Complaint.

31. Defendant denies the allegations in paragraph 31 of Plaintiff's Complaint.

32. Defendant incorporates the foregoing responses as if set forth in full.

33. Defendant admits the allegations in paragraph 33 of Plaintiff's Complaint.

34. Defendant admits the allegations in paragraph 34 of Plaintiff's Complaint.

35. Defendant admits it engaged in the business of collecting debts and denies the remaining allegations in paragraph 35 of Plaintiff's Complaint.

36. Defendant admits the allegations in paragraph 36 of Plaintiff's Complaint.

37. Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 37 of Plaintiff's Complaint.

38. Defendant denies the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendant denies the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 41 of Plaintiff's Complaint.

42. Defendant denies the allegations in paragraph 42 of Plaintiff's Complaint.

43. Defendant denies the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendant denies the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendant denies the allegations in paragraph 46 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any of the relief requested in the paragraph following paragraph 46.

47.     Defendant incorporates the foregoing responses as if set forth in full.

48.     Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 48 of Plaintiff's Complaint.

49.     Defendant denies the allegations in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations in paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations in paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations in paragraph 52 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any of the relief requested in the paragraph following paragraph 52.

53.     Defendant incorporates the foregoing responses as if set forth in full.

54.     Defendant admits the allegations in paragraph 54 of Plaintiff's Complaint.

55.     Defendant admits the allegations in paragraph 55 of Plaintiff's Complaint.

56.     Defendant admits the allegations in paragraph 56 of Plaintiff's Complaint.

57.     Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations in paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations in paragraph 59 of Plaintiff's Complaint.

60.     Defendant admits that the cited statutes contain the quoted provisions and otherwise denies the allegations in paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations in paragraph 61 of Plaintiff's Complaint. Defendant further denies that Plaintiff is entitled to any of the relief requested in the paragraph following paragraph 61.

## II.   AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. To the extent of any actual violation of the Texas Finance Code or the Fair Debt Collection Practices Act, such violation resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4. The TCPA is not a cost shifting statute and the Plaintiff may not recover attorneys' fees pursuant to the TCPA.

5. Defendant did not employ any "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator."

6. This action is groundless.   Additionally, it is being pursued in bad faith and/or for the purposes of harassment.

## IV.   PRAYER

Defendant respectfully request that, upon final hearing herein, Plaintiff take nothing on his claims, RSC be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1692K(a)(3) and/or Tex. Finance Code Sec. 392.403, and such other and further relief to which it may show itself to be justly entitled.

/s/ Baxter W. Banowsky
Baxter W. Banowsky
State Bar No. 00783593
bwb@banowsky.com

**Banowsky & Levine, P.C.**
12801 N. Central Expressway
Suite 1700
Dallas, TX 75243
(214) 871-1300
(214) 871-0038 (fax)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on Plaintiff's counsel, via the Court's ECF system, contemporaneously with its filing.

/s/ Baxter W. Banowsky
Baxter W. Banowsky

**DEFENDANT'S ANSWER TO AMENDED COMPLAINT - Page  7**